UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**DANIEL MARTINEZ,**

    **Plaintiff,**

v.                                                                                    **No. 12-cv-0037 SMV**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration,**

    **Defendant.**

## SECOND ORDER STRIKING MOTION TO PROCEED
## IN FORMA PAUPERIS [DOC. 6]

THIS MATTER is before the Court on Plaintiff's Motion for Order Granting Application to Proceed In Forma Pauperis and Directing Service [Doc. 6] and on an insufficiently completed version of the Court's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 6-1], both of which were filed January 19, 2012.  Previously, in an Order Striking [Doc 2], the Court struck Plaintiff's first attempt to proceed *in forma pauperis* for the same deficiency as is present here.  The Court will strike the present filing [Doc. 6] in its entirety for failure to follow 28 U.S.C. § 1746 (2006) and 28 U.S.C. § 1915(a) (2006).  *See Atkins v. Sullivan*, 387 F.2d 140, 141 (10th Cir. 1967) (affirming trial court's denial of motions to proceed under § 1915 where the supporting affidavits, *inter alia*, were not signed).

Counsel for Plaintiff is encouraged to re-file any affidavit in support of a motion to proceed *in forma pauperis*.  To address the defect, however, counsel is to ensure that the affidavit be signed by the affiant himself—in this case, the Plaintiff.  As previously noted, § 1915(a) requires an affidavit, and § 1746 addresses unsworn affidavits that are tantamount to sworn affidavits.  In

pertinent part, § 1746 states:

> Wherever, under any law of the United States . . ., any matter is required or permitted to be supported . . . by the sworn . . . affidavit, *in writing* of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . *in writing* of such person which is subscribed by him, as true under penalty of perjury. . . .

28 USC § 1746 (2006) (emphases added). Plaintiff's actual signature is therefore required, and an electronic signature is insufficient to make the form an affidavit. Though electronic signatures are permitted to be used in lieu of actual signatures in the CM/ECF filing system, this benefit is limited. The CM/ECF Administrative Procedures Manual (April 22, 2011), page 5, indicates that the "'electronic signature' is the CM/ECF login and password that a person uses to either electronically file or electronically submit a document." Valid electronic signatures are permitted only to registered participants, i.e., members of the Federal Bar, resident and non-resident attorneys who are not Federal Bar members, and pro se individuals who have sought and received the Court's permission. Registered participants have unique account information that effectively doubles as a signature.

Plaintiff is not the registered participant who submitted the present motion and application, and therefore is ineligible to sign documents electronically. If Plaintiff wishes to remove the defect, he should physically sign the affidavit, then counsel for Plaintiff should scan and submit a copy of the affidavit to the Court.

**IT IS THEREFORE ORDERED** that [Doc. 6] is **STRICKEN** from the record.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge